**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE MANN,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>DR. C. LEE, et al.,<br><br>　　　　Defendants.<br>_____ | No. C 07-0781 MMC (PR)<br><br>**ORDER DENYING MOTION FOR DEFAULT JUDGMENT; DENYING MOTION TO APPOINT PRIVATE INVESTIGATOR OR ORDER PERSONAL SERVICE ON DEFENDANTS; DIRECTING DEPUTY ATTORNEY GENERAL TO SECURE WAIVERS OF SERVICE FROM DEFENDANTS AND FILE APPEARANCE**<br><br>**(Docket Nos. 21 & 27)** |

　　　On February 6, 2007, plaintiff, a California prisoner currently incarcerated at Salinas Valley State Prison ("SVSP") and proceeding pro se, filed the above-titled civil rights action under 42 U.S.C. § 1983 against various SVSP employees. On May 29, 2007, the Court found the complaint stated a cognizable claim against defendants Dr. Charles Lee, Dr. Bowman and Dr. Milner for deliberate indifference to plaintiff's serious medical needs. The Court directed the United States Marshal to serve defendants at SVSP, where plaintiff indicated they were located. On June 15, 2007, the Marshal mailed the summons and complaint to defendants; on October 31, 2007, the Marshal returned the summons unexecuted as to each of said defendants, for the reason that no acknowledgment of service had been received from any defendant as of that date.

　　　Thereafter, by order dated May 9, 2008, the Court found that, because the complaint had been pending for over 120 days, absent a showing of "good cause" it was subject to dismissal, under Federal Rule of Civil Procedure 4(m), as to the unserved defendants. As it

was not clear from the unexecuted summons returned by the Marshal, however, whether the information provided by plaintiff was sufficient to allow the Marshal to locate and serve defendants, the Court found good cause existed to direct the Marshal to make one further attempt to effectuate service. Consequently, the Court directed the Clerk to reissue summons and the Marshal to serve defendants. Further, the Court directed the Clerk to mail a courtesy copy of the order to the California Attorney General's Office. (Order, filed May 9, 2008, at 2-3.)

On May 28, 2008, the Marshal mailed the summons and complaint to defendants; on October 3, 2008, the Marshal again returned the summons unexecuted as to each of said defendants, for the reason that no acknowledgment of service had been received from any defendant as of that date.

Plaintiff has now moved for entry of default judgment against defendants due to their failure to accept service and appear in this matter, and for an order either appointing a private investigator to find defendants so that they can be served, or directing the Marshal to personally serve defendants. Plaintiff's requests are hereby DENIED, and, for the following reasons, the Court will order the Attorney General's Office to resolve the service issue.

Subsequent to October 3, 2008, the date on which the Marshal returned the summons unexecuted, the Court has looked into whether the named defendants have been served in this matter. The Court has been advised that the United States Marshal, as in all § 1983 prisoner cases filed in this court, mailed to each of the defendants at his or her place of business a summons and a copy of the complaint, as well as a notice and acknowledgment of receipt of summons. Thereafter, upon receipt of the forms at the defendants' place of business, SVSP, the litigation coordinator forwarded the appropriate forms to the appropriate defendants, along with a form for requesting representation by the California Attorney General's Office. Each of the defendants signed the request for representation and forwarded it, along with the summons, complaint and notice and acknowledgment form, to the Attorney General's Office. A deputy attorney general, John Devine, was assigned to represent the defendants in the case.

Pursuant to the customary practice of the Attorney General's Office in § 1983 prisoner cases in this court, the deputy attorney general assigned to the case should have completed thereafter the acknowledgment of receipt of summons form on behalf of the defendants who requested representation and should have returned it to the Marshal's office.  In this case, however, that practice was not followed.  Instead, although the defendants requested representation by the Attorney General's Office, the acknowledgment of receipt of summons forms have not been returned to the Marshal's office, and Deputy Attorney General Devine has not filed an appearance on defendants' behalf.

In the instant action, over a period spanning more than one and one-half years, the Court has twice ordered the Marshal to serve defendants at SVSP, and summons have twice been returned unexecuted.  Nevertheless, as noted, defendants have requested representation from the Attorney's General's Office in this matter, and Deputy Attorney General Devine has indicated he would appear on their behalf.  Accordingly, in order to expedite these proceedings, the Court orders that, within **thirty** days of the date this order is filed, Deputy Attorney General Devine secure waivers of service from all the named defendants and file an appearance on their behalf.

The Clerk shall serve a copy of this order on Deputy Attorney General John Devine, and on Supervising Deputy Attorney General Paul Hammerness.  The Clerk shall also serve a copy of this order on plaintiff.

This order terminates Docket Nos. 21 and 27.

IT IS SO ORDERED.

DATED: January 26, 2009

MAXINE M. CHESNEY
United States District Judge