IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE MANN,<br><br>         Plaintiff,<br><br>   v.<br><br>DR. C. LEE, et al.,<br><br>         Defendants.<br>_____ | No. C 07-00781 MMC (PR)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION AND DISCOVERY; GRANTING EXTENSION OF TIME TO OPPOSE MOTION FOR SUMMARY JUDGMENT; SCHEDULING REPLY**<br><br>**(Docket No. 41)** |

On February 6, 2007, plaintiff, a California prisoner currently incarcerated at Salinas Valley State Prison ("SVSP") and proceeding pro se, filed the above-titled civil rights action under 42 U.S.C. § 1983 against various SVSP employees. By order filed May 29, 2007, the Court reviewed the complaint and found plaintiff's allegations stated cognizable claims for relief against defendants Dr. Bowman, Dr. Lee and Dr. Milner. By that same order, the Court ordered the complaint served on those defendants and directed them to file, no later than ninety days from the date of the order, "a motion for summary judgment or other dispositive motion" with respect to plaintiff's cognizable claims, or to inform the Court if defendants were of the opinion that the case could not be so resolved. (Order filed May 29, 2007 at 2.) The order of service did not direct defendants to file an answer.

As the result of repeated service problems, counsel for defendants did not make an appearance herein until February 25, 2009. (Docket No. 29). Thereafter, after being granted

two extensions of time to comply with the instructions in the service order for filing a dispositive motion or motion for summary judgment, defendants filed a motion for summary judgment on July 27, 2009.  (Docket No. 33).  Plaintiff then moved the Court for entry of default judgment against defendants Dr. Lee and Dr. Milner on the ground that those defendants had not complied with the Court's order to file either a dispositive motion or motion for summary judgment.  (Docket No. 36.)  The Court denied plaintiff's motion, finding as follows: "Contrary to plaintiff's assertion that neither Dr. Lee nor Dr. Milner has filed the requisite dispositive motion . . . , the record shows that the motion filed July 27, 2009 was filed on behalf of all three defendants to the instant action, specifically, Dr. Bowman, Dr. Lee and Dr. Milner. . . .  Consequently, default judgment will not be entered as to any defendant, and plaintiff's motion for a hearing is hereby DENIED."  (Order filed Sept. 24, 2009 at 1.)  In the same order, the Court granted plaintiff an extension of time, until November 16, 2009, to file opposition to defendants' summary judgment motion.

That deadline has passed, and plaintiff has not filed an opposition to the motion for summary judgment.  Rather, he has filed a motion for reconsideration of the Court's order denying his motion for entry of default judgment.  The motion rests on plaintiff's assertion that, contrary to the Court's reading of plaintiff's prior motion for entry of default judgment, plaintiff is requesting the entry of default judgment against all three defendants, not just Dr. Lee and Dr. Milner, on the ground that no defendant has properly responded to the complaint.  (See Mot. For Recons. at 1-2.)  For the following reasons, the motion for reconsideration will be denied.

The Court construes plaintiff's contention, i.e., that default should be entered because no defendant has filed a proper response to the complaint, as an argument that defendants have failed to comply with Rule 12 of the Federal Rules of Civil Procedure because they have not filed a responsive pleading to the complaint, i.e., either an answer or a dispositive motion under Rule 12(b).  As set forth below, the Court disagrees.

To the extent plaintiff maintains defendants may not file a motion for summary judgment until they have filed a responsive pleading, his argument fails because the filing of

2

an answer is not a prerequisite to the filing of a motion for summary judgment.  Specifically, Rule 56(b) provides: "A party against whom relief is sought may move *at any time*, with or without supporting affidavits, for summary judgment on all or part of the claim."  Fed. R. Civ. P. 56(b) (emphasis added).  Consistent therewith, "[c]ourts and commentators have acknowledged that no answer need be filed before a defendant's motion for summary judgment may be entertained."  Marquez v. Cable One, Inc., 463 F.3d 1118, 1120 (10th Cir. 2006) (quoting INVST Fin. Group, Inc. v. Chem-Nuclear Sys., Inc., 815 F.2d 391, 404 (6th Cir. 1987)); see also 10A Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, Federal Practice & Procedure § 2718 at 301 (3d ed. 1998) ("A defending party is not required by the rule to file an answer before moving for summary judgment.").  Consequently, defendants were not required to file a responsive pleading before filing a motion for summary judgment, and reconsideration will not be granted on this ground.

Further, to the extent plaintiff is asserting that defendants have not complied with Rule 12 because they have not timely filed a responsive pleading, the court concludes that, under the circumstances herein, the filing of defendants' motion for summary judgment effectively extended the time for defendants to file a responsive pleading until after the motion for summary judgment has been decided.  While Rule 12(a) provides that the period for filing an answer is extended when a Rule 12 motion is made, see Fed. R. Civ. P. 12(a), neither the text of Rule 12 nor Rule 56 addresses whether the filing of a summary judgment motion likewise tolls the time to answer.  Some federal courts, however, have determined that the tolling effect of Rule 12(a) may be extended by analogy to the filing of a motion for summary judgment where such motion adequately contests the action.  See Rashidi v. Albright, 818 F. Supp. 1354, 1356 (D. Nev. 1993), aff'd, 39 F.3d 1188, 1994 WL 594637 (9th Cir. 1994) (denying motion for default judgment for failure to file timely answer where summary judgment motion "demonstrate[d] a concerted effort and an undeniable desire to contest the action");  Bova v. City of Medford, No. 06-1369 PA, 2008 WL 89620, at * 2 (D. Or. 2008) (denying motion to strike answer as untimely where defendants adequately defended against action by filing motion for summary judgment), rev'd on other grounds, 564 F.3d 1093 (9th

3

Cir. 2009); Parks v. Doan, No. 1:06-CV-1885-TWT, 2007 WL 757649, at *5 n.3 (N.D. Ga. 2007) (noting defendant not required to file answer while summary judgment motion pending). Commentators on federal practice and procedure similarly argue in support of such tolling. See e.g.,Wright, Miller & Kane § 2718 at 303-04 (noting tolling provision of Rule 12(a) should, by analogy, apply to summary judgment motion filed prior to answer).

In the instant case, the Court finds the time for defendants to answer the complaint should be extended until after the summary judgment motion has been decided, in that such motion adequately demonstrates defendants' intent to defend against plaintiff's action and may be dispositive of all of plaintiff's claims. In particular, all three defendants have joined in the motion (Mot. Summ. J. at 1), and, while the content of the motion is focused on the actions of Dr. Bowman, who interacted with plaintiff to a greater extent than either of the other two doctors, the claims against Dr. Lee and Dr. Milner also are clearly put at issue through Dr. Bowman's accompanying declaration, wherein he sets forth plaintiff's medical history over a three and one-half year period, including treatment plaintiff received from Drs. Lee and Milner, and concludes that "at no time were defendants Dr. Lee, Dr. Milner or myself deliberately indifferent to the painful symptoms suffered by Mr. Mann." (Decl. Robert Bowman, M.D. Supp. Mot. Sum. J. at 6:18-20.) Accordingly, defendants will not be required to file an answer prior to disposition of the summary judgment motion and reconsideration will not be granted.

Plaintiff's motion for reconsideration is titled a motion for "discovery" as well. Nowhere therein, however, does plaintiff describe the discovery materials he seeks, let alone provide reasons supporting their disclosure. Moreover, before plaintiff files a motion to compel discovery, he must comply with all discovery procedures, including the meet-and-confer requirement set forth in Rule 37(a)(2)(A) of the Federal Rules of Civil Procedure. As plaintiff does not allege he has done so, plaintiff's motion for discovery, to the extent such motion has been made, will be denied.

As noted, the deadline for plaintiff to file his opposition to defendants' motion for summary judgment has passed. Good cause appearing, the Court will grant plaintiff one

4

further extension of time to file his opposition.  Specifically, plaintiff's opposition must be filed no later than **February 1, 2010**.  <u>No further extensions will be granted absent a showing of exceptional circumstances</u>.  Defendants <u>shall</u> file a reply with **twenty (20)** days of the date they are served with plaintiff's opposition.  The motion will be deemed submitted as of the date the reply is filed.  No hearing will be held unless so ordered by the Court.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Plaintiff's motion for reconsideration and discovery is hereby DENIED.

2. Plaintiff is hereby GRANTED an extension of time to oppose defendants' motion for summary judgment, as set forth above.

This order terminates Docket No. 41.

IT IS SO ORDERED.

DATED: December 22, 2009

_____
MAXINE M. CHESNEY
United States District Judge